948 F.2d 338
 SCHNEIDER NATIONAL, INCORPORATED, Schneider Transport,
Incorporated, Schneider National Carriers, Incorporated,
Schneider Tank Lines, Incorporated, Schneider Specialized
Carriers, Incorporated, Schneider National Fleet Services,
Incorporated, Schneider National Bulk Carriers,
Incorporated, Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents.
 No. 90-3868.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 4, 1991.
Decided Nov. 19, 1991.
 
 Daniel C. Sullivan (argued), Sullivan & Associates, Oak Brook, Ill., for petitioners.
 Ira H. Raphaelson, Asst. U.S. Atty., Crim. Div., Chicago, Ill., Robert S. Burk, Theodore K. Kalick (argued), Interstate Commerce Com'n, Office of the General Counsel, Richard L. Thornburgh, U.S. Atty. Gen., Washington, D.C., William Redmond, Interstate Commerce Com'n, Compliance & Consumer Assistance, Chicago, Ill., for respondents.
 Before CUMMINGS, WOOD, Jr., and KANNE, Circuit Judges.
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 The petitioners, Schneider National, Incorporated and six of its wholly-owned motor carrier affiliates (hereafter collectively referred to as "Schneider"), seek review of a final order of the respondent, the Interstate Commerce Commission ("ICC" or "Commission"), denying Schneider's request for reinstatement of exemptions from ICC accounting and reporting requirements under 49 C.F.R. §§ 1207, 1249. Schneider contends that the company would be forced to implement a new accounting system at great cost in order to comply with the reporting requirements. Schneider argues further that the cost of the implementation has no corresponding benefit to the Commission and is arbitrarily and capriciously illogical. The ICC counters that the newly revised reporting requirements are substantially reduced and that the lesser reporting requirements, consequently, lead to reduced accounting burdens. Moreover, the ICC believes Schneider greatly overstates the burden of converting its accounts to the format required by agency regulations.
 
 
 2
 The circuitous course of these proceedings has generated several orders. Schneider has requested that we review each of the ICC rulings involved in this case. The first is the ICC letter order revoking Schneider's exemptions from the agency's accounting and reporting requirements. The second is the ICC's denial of Schneider's petition for reinstatement of the exemptions. The final order that we have been requested to review is the ICC's decision rejecting Schneider's petition to reopen, or reconsider, the denial of reinstatement of exemptions and the ICC's denial of Schneider's request for a stay of the agency's order to comply with reporting and accounting regulations.
 
 
 3
 We hold that there is no jurisdiction to review the ICC's first order revoking Schneider's exemptions from agency accounting and reporting requirements because Schneider did not timely appeal the orders to this court pursuant to the Hobbs Act.[1] There is also no jurisdiction to review the ICC's last order in this case because the ICC's decision to deny reconsideration of a previous decision is committed to the agency's discretion when the petition requesting reconsideration is based on "material error." There is jurisdiction to review the ICC's denial of Schneider's request to reinstate the exemptions. We affirm the ICC's denial because the Commission's decision not to reinstate the exemptions was neither arbitrary nor capricious and is, therefore, lawful.
 
 FACTUAL BACKGROUND AND PROCEDURAL POSTURE
 
 4
 Schneider National and its trucking subsidiaries are "special commodities carriers" ("SCCs"). SCCs transport bulk liquid chemicals, foodstuffs, raw and finished paper, and other products using specialized equipment. See Classification of Motor Carriers of Property, 2 M.C.C. 703 (1937). SCCs such as Schneider transport shipments by contract carriage as opposed to common carriage. Because of this arrangement Schneider does not participate in collectively set rates. Prior to revising the reporting regulations, see Elimination of Accounting and Reporting Requirements for Motor Carriers of Property, 5 I.C.C.2d 17 (1988), the ICC granted Schneider and approximately 40 other SCCs relief from agency reporting and accounting requirements. At least one of the reasons for the exemption was the fact that SCCs do not participate in collectively set rates.
 
 
 5
 Schneider National, Incorporated and four of its wholly-owned subsidiaries received exemptions from the ICC's accounting and reporting requirements under 49 C.F.R. §§ 1207, 1249, on May 17, 1985. Four years later, the ICC sent to Schneider a letter dated June 7, 1989, stating that the Commission had voted unanimously by notation to revoke the exemptions.
 
 
 6
 Schneider filed with the ICC a petition entitled "Petition for Reinstatement of Exemption" on September 1, 1989. The Commission voted to deny Schneider's petition, stating that there was no justification under the newly revised rules for relieving Schneider from the reporting requirements. The ICC notified Schneider of its decision by letter served on September 12, 1990.
 
 
 7
 Schneider next filed with the ICC on October 2, 1990, a petition to reopen the denial of its previous petition for reinstatement of exemption. Schneider also requested a stay of the Commission's denial order. The Commission rejected Schneider's petition to reopen and review and also denied the petition for stay by Decision No. 40489, served on November 2, 1990.
 
 
 8
 On November 28, 1990, Schneider submitted to the ICC a petition for stay pending request for judicial review of the Commission's November 2 order. Schneider's petition was denied in ICC Decision No. 40489, served on December 26, 1990.
 
 
 9
 On December 28, 1990, Schneider filed in this court a petition for review of ICC Decision No. 40489. Schneider requested that this court: (1) reverse the ICC's June 7, 1989, decision that revoked Schneider's exemption from agency accounting and reporting requirements; (2) reverse the ICC's decision served September 12, 1990, denying Schneider's request for reinstatement of the exemption; and (3) reverse the ICC's order served on November 2, 1990, denying Schneider's petition for stay and rejecting its petition to reopen. Schneider requests finally that this court reinstate its exemption.
 
 
 10
 This court denied Schneider's motion to stay the ICC's order pending appellate review by order entered on March 14, 1991.
 
 DISCUSSION
 
 11
 Schneider has requested review of each of the ICC's orders in this case according to the provisions for judicial review found in the Administrative Procedure Act (APA), 5 U.S.C. § 706(2) (1978). However, before any review of agency action can be had, the court must have jurisdiction. We consider each of the ICC's orders in turn.
 
 June 13, 1989, Order
 
 12
 The ICC notified Schneider by letter dated June 7, 1989, that the company's exemption from agency reporting requirements had been revoked by a unanimous vote of the Commission. Schneider waited almost three months before submitting to the ICC a "Petition for Reinstatement of Exemption." Moreover, Schneider did not seek review of the letter order in this court. Instead, Schneider now seeks review of the revocation order through review of its subsequent petitions of later ICC rulings in these proceedings. Because Schneider did not timely appeal the ICC's letter order revoking Schneider's exemption to the court of appeals, we do not have jurisdiction to review the order.
 
 
 13
 The Administrative Orders Review Act ("Hobbs Act") grants the court of appeals jurisdiction to review all final orders of the ICC. 28 U.S.C. § 2342(5) (1978). The Act provides further a 60-day limitations in which a party aggrieved by a reviewable final order may file a petition. 28 U.S.C. § 2344 (1978). This time limit is jurisdictional and may not be enlarged by the courts. Illinois Central Gulf R.R. Co. v. ICC, 720 F.2d 958, 960 (7th Cir.1983); Atchison, Topeka and Santa Fe Ry. Co. v. ICC, 687 F.2d 912, 918 (7th Cir.1982).
 
 
 14
 The revocation letter was a final order of the ICC. The order became final effective upon the date of service because Schneider did not appeal the ICC's order within 20 days of the date of service. See 49 C.F.R. § 1115.3 (1990). When an ICC order is timely appealed to the agency, the order becomes nonfinal. If, however, it is not timely appealed, the order becomes administratively final effective on the date of service. Schneider did not appeal the ICC's revocation order within 20 days of service; thus, the order became final as of the date that the ICC served the order to Schneider.[2] If this court were to have jurisdiction to review the order, Schneider was required to petition this court for appeal within 60 days of the effective date. Schneider never appealed the revocation letter to this court, and we cannot look beyond Schneider's subsequent petitions to reach the original order when appeal is not timely.
 
 
 15
 Schneider argues in defense of its tardiness that the letter from the ICC Bureau of Accounts revoking Schneider's exemption is not an order of the Commission; and hence, it is not a "decision" required to be appealed within 20 days according to 49 C.F.R. § 1115.3. We disagree. The ICC's Rules of General Applicability define ICC "decisions" in 49 C.F.R. § 1101.2(c). That section states: " 'Decision' means any formal published action of the Commission including orders and notices." 49 C.F.R. § 1101.2 (1990) (emphasis added). The ICC's revocation letter is an order and thus falls within the definition of "decision."[3]
 
 
 16
 We conclude that the revocation letter falls under the agency definition of "decision" by looking to the requirements for review of administrative action found in the Hobbs Act. Only final orders are reviewable. 28 U.S.C. § 2342(5) (1978). ICC orders are clearly reviewable when those orders affect the rights of the parties, or when the orders touch "vital interests" of the parties. Texas v. United States, 866 F.2d 1546, 1551 (5th Cir.1989) (quoting Frozen Food Express, Inc. v. United States, 351 U.S. 40, 44, 76 S.Ct. 569, 571, 100 L.Ed. 910 (1956)). The revocation letter informed Schneider that the entire Commission had unanimously voted to revoke the exemptions; thus, Schneider was notified of final Commission disposition of the exemptions that clearly touched Schneider's "vital interests." That the exemptions are of "vital interest" to Schneider is incontrovertible--Schneider says the exemptions are worth a great deal of money to the company. Moreover, even if Schneider believed that the status of the revocation letter was ambiguous, the company should have pursued the appeal within the time limitations provided by ICC regulations. Justice Scalia, writing for the Court in ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), made this same point. The BLE Court dismissed the Commission's denial of the union's petition for clarification of the original ICC order and noted that BLE should have appealed the ICC's original order many months earlier. The Court stated:
 
 
 17
 We are not prepared to acknowledge an exception to that requirement where an order is ambiguous, so that a party might think that its interests are not infringed. The remedy for such ambiguity is to petition the Commission for reconsideration within the 60-day period, enabling judicial review to be pursued (if Commission resolution of the ambiguity is adverse) after disposition of that petition. Otherwise, the time limits of the Hobbs Act would be held hostage to everpresent ambiguities.
 
 
 18
 BLE, 482 U.S. at 286-87, 107 S.Ct. at 2369-70 (emphasis in original). The BLE Court's language is applicable in this case, and the ICC's revocation letter dated June 7, 1989, is dismissed as a nonappealable order.
 
 September 12, 1990, Order
 
 19
 As explained above, Schneider's "Petition for Reinstatement of Exemption" was not an effective appeal of the ICC's revocation letter. However, the ICC responded to Schneider's "Petition for Reinstatement of Exemption" by a letter served on September 12, 1990. The letter states that the Commission voted to deny Schneider's petition requesting reinstatement of relief from agency accounting and reporting requirements because there is no justification for such relief under the present Commission rules. Schneider timely appealed the Commission's new decision by filing a petition to reopen and stay on October 2, 1990. Schneider's October filing rendered the September 12 order nonfinal and stayed the running of the Hobbs Act's limitations period on the September order. See United Transportation Union v. ICC, 871 F.2d 1114, 1117 (D.C.Cir.1989); BLE, 482 U.S. at 284, 107 S.Ct. at 2368. The ICC issued a final ruling denying Schneider's request to reopen on November 2, 1990. At that point, the September 12 decision became a final judicially reviewable order for purposes of the Hobbs Act. "When the Commission reopens a proceeding for any reason and, after reconsideration, issues a new and final order setting forth the rights and obligations of the parties, that order--even if it merely reaffirms the rights and obligations set forth in the original order--is reviewable on its merits." BLE, 482 U.S. at 278, 107 S.Ct. at 2365.
 
 
 20
 Although review of the September 12 order is not precluded by the Hobbs Act's limitations, we must also consider whether review is precluded by the provisions of the APA in 5 U.S.C. § 701. The APA embodies a presumption in favor of judicial review of an agency action that adversely affects a regulated entity. Hartigan v. Federal Home Loan Bank Bd., 746 F.2d 1300, 1305 (7th Cir.1984); Abbott Laboratories v. Gardner, 387 U.S. 136, 140-41, 87 S.Ct. 1507, 1510-11, 18 L.Ed.2d 681 (1967). However, review of final agency orders is excepted when "agency action [is] committed to agency discretion by law." 5 U.S.C. § 701(a)(2) (1978). This exception is very narrow and is applicable in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). The Supreme Court more recently interpreted the scope of 5 U.S.C. § 701(a)(2) in Heckler v. Chaney, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). In Chaney the Supreme Court held as unreviewable the FDA's refusal to exercise its enforcement power to approve drugs used in the execution process. Thus, administrative refusal to take enforcement action is in the narrow class of cases that is presumptively unreviewable by the courts. Arnow v. U.S. Nuclear Regulatory Comm'n, 868 F.2d 223, 231 (7th Cir.1989), cert. denied, Citizens of Illinois v. U.S. Nuclear Regulatory Comm'n, 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 29 (1989). Whether or not an agency action is unreviewable under 5 U.S.C. § 701(a)(2) turns on whether or not there is "law to apply." Cardoza v. Community Futures Trading Comm'n, 768 F.2d 1542, 1549 (7th Cir.1985).
 
 
 21
 In order to discern whether there is law to apply for informed judicial review of the ICC's September order, we must first classify Schneider's "Petition for Reinstatement of Exemption" according to ICC regulations, for that petition generated the ICC's response. Schneider asserts that the petition was filed pursuant to 49 C.F.R. § 1117.1. Section 1117.1 allows a party to seek relief not provided for in any other section in the subchapter.[4] Schneider contends that a filing under this section was necessary because the September 12 revocation letter was not an administratively appealable order. We have already decided, however, that such a letter is appealable. Consequently, we think that Schneider's petition is more properly understood to be a petition under 49 C.F.R. § 1115.4 (1990). Section 1115.4 allows a person to petition to reopen an administratively final order at any time pursuant to the requirements set out in 49 C.F.R. § 1115.3 (1990). Section 1115.3 governs appeals of Commission action, including an action of the entire Commission as in this case. The ICC's regulations governing appeal of agency action provide adequate guidelines for judicial review. See, for example, Arnow, 868 F.2d at 234 (noting that the Court of Appeals for the Seventh Circuit agrees with the Courts of Appeals for the District of Columbia and First Circuits that agency regulations provide a sufficient standard for meaningful review of agency decisions not to enforce).
 
 
 22
 There are six separate standards for review of agency decisions set out in 5 U.S.C. § 706(2). The "arbitrary and capricious" standard, codified in 5 U.S.C. § 706(2)(A), applies to all cases and so applies here. Illinois v. United States, 666 F.2d 1066, 1071 (7th Cir.1981). Under this standard the court's review is narrow; a court may not set aside an agency decision that articulates grounds indicating a rational connection between the facts and the agency's action. Central States Enterprises v. ICC, 780 F.2d 664, 674 (7th Cir.1985) (citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins., 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983)).
 
 
 23
 The ICC's decision to deny Schneider's petition to reinstate the exemptions is neither arbitrary nor capricious. The decision is, therefore, lawful under 5 U.S.C. § 706(2)(A). The ICC's order explains that Schneider's petition for reinstatement of the exemption was denied "because of the reduced burden in completing the new condensed forms" and in "fairness to the other reporting carriers." Petitioner's Appendix at 21. The September 12 letter further advises Schneider that "there was no justification under the current rules [Elimination of Accounting and Reporting Requirements for Motor Carriers of Property (cited above) ] for relieving SNI from its reporting requirements." Petitioner's Appendix at 21. We believe that this explanation satisfies the ICC's burden to show that its decision was rationally connected to the facts of this case. The fact that Schneider is dissatisfied with the fine points, or lack thereof, in the ICC's explanation for its decision does not dissuade us from our conclusion. The courts will uphold an agency decision of less than ideal clarity as long as the court can discern the agency's path. Bowman Transportation, Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974). This court will not condemn an agency decision as arbitrary and capricious unless we are very confident that the agency overlooked something important or seriously erred in appreciating the significance of the evidence. Pokratz v. Jones Dairy Farm, 771 F.2d 206, 209 (7th Cir.1985). The record indicates that the Commission considered the points raised in Schneider's petition and still refused to grant Schneider an exemption from the reporting requirements within the guidelines of its own regulations. Accordingly, we affirm the ICC's decision.
 
 November 2, 1990, Order
 
 24
 We do not have jurisdiction to review the ICC's November 2, 1990, decision to reject Schneider's petition to reopen its previous denial of Schneider's petition for reinstatement of exemption. An agency decision to deny reconsideration is dispositive as long as the agency makes no alteration in the underlying order or the petition requesting reconsideration is not based upon new evidence or changed circumstances. This type of decision has been traditionally committed to agency discretion and is unreviewable under 5 U.S.C. § 701(a)(2). See BLE, 482 U.S. at 282, 107 S.Ct. at 2367.
 
 
 25
 In BLE the Supreme Court stated that "where a party petitions an agency for reconsideration on the ground of 'material error,' i.e., on the same record that was before the agency when it rendered its original decision, 'an order which merely denies rehearing of ... [the prior] order is not itself reviewable.' " BLE, 482 U.S. 270 at 280, 107 S.Ct. 2360 at 2366 (quoting Microwave Communications, Inc. v. FCC, 515 F.2d 385, 387, n. 7 (D.C.Cir.1975)). Schneider alleged, however, that its petition was based in part on new evidence. Petitioner's Appendix at 27. The ICC refuted Schneider's allegation, stating that Schneider essentially reiterated arguments made in its prior petition. Petitioner's Appendix at 35. We agree with the Commission. The Commission denied Schneider's petition on the same record that was before it when the agency rendered its original decision to deny Schneider relief from the reporting requirements on September 12. Without the presentation of new evidence, the ICC's decision is not reviewable by this court.
 
 CONCLUSION
 
 26
 For the reasons explained above, we dismiss Schneider's appeal of the ICC's decision to revoke Schneider's exemptions from agency accounting and reporting requirements for lack of jurisdiction. We affirm the ICC's denial of Schneider's request to reinstate the company's exemption. And, we dismiss the ICC's rejection of Schneider's request that the ICC reconsider the denial to reinstate the exemption as committed to agency discretion.[5]
 
 
 
 [1]
 We refer here to the Administrative Orders Review Act, 28 U.S.C. § 2341 et seq., not to be confused with the section in Title 18 concerning racketeering, 18 U.S.C. § 1951, which is also commonly known as the "Hobbs Act."
 
 
 [2]
 The record does not indicate a date of service
 
 
 [3]
 The ICC argues that 49 C.F.R. § 1101.2(c) does not preclude the revocation letter from being classified as a "published action[ ] of the Commission." Respondent's Brief at 12. We are not persuaded by the Commission's precious parsing of the regulation. First, in quoting the regulation, the Commission conspicuously leaves out the word "formal" before the words "published action." As Schneider convincingly maintains "formal, published actions" are formally docketed agency decisions published in the Federal Register, not an informal letter sent to the regulated entity. Second, the staff letters rejecting tariffs that the ICC points to in its brief, see Respondent's Brief Addendum C, as an analogy for its actions in this case do not support its argument. The regulation providing for tariff filings, 49 C.F.R. 1312.4(g), states: "[w]hen a tariff publication is rejected, the party who tendered it will be furnished a written explanation of reasons." As the tariff regulation specifically contemplates a letter, and the regulation in this case does not, the analogy is not sound
 
 
 [4]
 Part 1117--Petitions (For Relief) Not Otherwise Covered
 A party seeking relief not provided for in any other rule may file a petition for such relief. The petition should contain (a) a short, plain statement of the grounds upon which the Commission's jurisdiction is based; (b) a short plain statement of the claim showing that the petitioner is entitled to relief; and (c) a demand for the relief the petitioner believes is appropriate.
 
 
 [5]
 We note that the ICC requested, pursuant to Fed.R.App.P. 27(a), that this court take judicial notice of a 1990 Annual Report that one of the Schneider motor carrier affiliates filed with the State of California. The ICC's motion states that the report is pertinent to this proceeding because it contains the same data that Schneider is required to submit to the ICC. Although the report may be germane to the issues presented in this case, we decline the ICC's invitation